FILED
United States Court of Appeals
Tenth Circuit

October 30, 2018

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

BRIAN LAMONT SWEENEY,

    Plaintiff - Appellant,

v.

DR. (FNU) ALLRED; DR. NIXON
ROBERTS; CAPTAIN (FNU) KLINE;
WARDEN (FNU) T.K. COZZA-
RHODES,

    Defendants - Appellees.

No. 18-1170
(D.C. No. 1:17-CV-00150-WJM-MLC)
(D. Colo.)

_____

ORDER AND JUDGMENT[*]
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

Plaintiff Brian Lamont Sweeney appeals from the entry of summary judgment

against him by the United States District Court for the District of Colorado. The district

court ruled that Plaintiff failed to exhaust his administrative remedies as required under

the Prison Litigation Reform Act (PLRA). Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal. *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted
without oral argument. This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

## I. BACKGROUND

Plaintiff, a federal prisoner proceeding pro se, filed a complaint alleging that certain personnel at the Florence, Colorado penitentiary where he was held—Defendants Dr. Allred, Dr. Nixon Roberts, Captain Kline, and Warden T.K. Cozza-Rhodes—acted with deliberate indifference to his medical needs in violation of the Eighth Amendment. According to the complaint, on or about February 21, 2015, Plaintiff slipped in his cell at the Florence facility, injuring his jaw and loosening several teeth. He claims that prison personnel did not believe that he had slipped in his cell and sent him to the Special Housing Unit (SHU) without providing treatment until he changed his story. He says he was denied medical treatment until on or about March 6, when Warden Cozza-Rhodes visited the SHU and ordered a dental evaluation. Plaintiff thereafter had seven teeth removed, allegedly because of the delay in his treatment.

The Bureau of Prisons requires inmates to satisfy a three-step formal process to exhaust a grievance: (1) "file a formal Administrative Remedy Request (BP-9) with the Warden," (2) appeal "to the Regional Director within 20 days of the denial of the BP-9," using a BP-10 form, and (3) "file a final appeal on the BP-11 form to the National Appeals Administrator in the Bureau's Office of General Counsel, Central Office, within 30 days of the denial of the BP-10." R. at 57.

On April 22, 2015, Plaintiff filed a BP-9. After he submitted a request for a response in July 2015, he received an "Informal Resolution Form Response" stating that he could consider the lack of response from the Warden as a denial of his claim and

2

proceed to "request a BP-10 . . . form." *Id.* at 119. Plaintiff also filed Administrative Remedy Requests with the regional and national offices on June 15 and August 14 respectively. The first was rejected because it was improperly marked as "sensitive." The second was rejected because it too was improperly marked as sensitive and also because it was submitted at the wrong level. Both offices remanded the requests to the prison for an answer.

On September 18, Warden Cozza-Rhodes issued a formal response to Plaintiff's BP-9, finding Plaintiff's "allegation of staff misconduct . . . without merit." R. at 80. Plaintiff submitted three appeals of that decision to the Regional Office. The first appeal was rejected because Plaintiff failed to attach the Warden's September 18 response. The next two appeals were rejected as untimely, but the Regional Office provided Plaintiff the opportunity to submit a "staff verification letter" showing that the untimeliness was not his fault. R. at 179. After obtaining the needed verification, Plaintiff again filed an appeal with the Regional Office on January 25, 2016. The Regional Office considered but denied the appeal on February 5, and Plaintiff appealed that decision to the Central Office on March 8. The Central Office rejected the appeal on March 23 because Plaintiff failed to submit the Warden's response to his BP-9. Although the Central Office gave him 15 days to remedy this defect, records in SENTRY, a national databased maintained by the Bureau of Prisons, do not reflect resubmission of the appeal.

On January 17, 2017, Plaintiff filed his complaint in district court under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

3

Defendants moved for summary judgment for failure to exhaust administrative remedies, and a magistrate judge recommended granting the motion. The district court adopted the recommendation. It said that a handwritten notation made by Plaintiff, which reflected that he resubmitted his claim to the Central Office within the 15 days allotted, did not raise an issue of material fact about whether Plaintiff exhausted his claim, given the evidence from the SENTRY database to the contrary and the absence of evidence on when the notation was written.

## II.    DISCUSSION

We review de novo the district court's grant of summary judgment for failure to exhaust. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Because Plaintiff is acting pro se, we will construe his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The PLRA requires that "[n]o action . . . be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). For actions filed with the Bureau of Prisons, exhaustion requires satisfying the three-step process outlined above. But an inmate need not exhaust administrative remedies that are "unavailable," such as when "prison administrators thwart inmates from taking advantage of a grievance

4

process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S. Ct. 1850, 1858, 1860 (2016).

Plaintiff contends that the district court ignored his argument—raised for the first time in Plaintiff's objections to the magistrate judge's recommendation—that Defendants thwarted Plaintiff's attempts to exhaust his administrative remedies. He argues that the delay in procuring a formal response to his BP-9 from the warden hindered his efforts to exhaust his claim. But he provides no explanation for why he could not have complied with the Central Office's directive of March 23, 2016, to resubmit the warden's response to his BP-9, which he had received months earlier. Plaintiff has thus failed to demonstrate that his administrative remedies were unavailable by reason of Defendants' obstruction.

We note that Plaintiff does not argue in this court, as he did in district court, that a handwritten notation purportedly marking the date he resubmitted his appeal to the Central Office raises an issue of material fact about whether he exhausted his claim. His only mention on appeal of the handwritten notation is to say that the district court discussed the note when it should have addressed his hindrance argument.

### III. CONCLUSION

We **AFFIRM** the district court's entry of summary judgment. We **GRANT** Plaintiff's motion to proceed *in forma pauperis*. We remind Plaintiff that this status "eliminates only the need for prepayment of the filing fee. [He] remains obligated to pay

5

the filing fee in monthly installments." *Rachel v. Troutt*, 820 F.3d 390, 399 (10th Cir. 2016); *see* 28 U.S.C. § 1915(b)(1).

Entered for the Court

Harris L Hartz
Circuit Judge